IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | Civil Action No. 1:12-cv-1370 |
|---|---|---|
| Plaintiff, | ) ) ) | **CONSENT DECREE** |
| v. | ) ) | |
| CAMDEN PLACE HEALTH & REHAB, LLC | ) ) | |
| Defendant. | ) ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(A) of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleged that Defendant Camden Place Health & Rehab, LLC ("Defendant") failed to provide Yvonne Quaynor with a reasonable accommodation and discharged her in violation of the ADA. Defendant denies that it discriminated against Quaynor in violation of the ADA. The Commission does not disavow the allegations in its Complaint.

The Commission and Defendant hereby stipulate to the jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent

Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of disability within the meaning of the ADA, including by failing to provide a reasonable accommodation.

2. Defendant shall pay Yvonne Quaynor the sum of fifty-one thousand dollars ($51,000) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Yvonne Quaynor. Payment shall be made within forty-five (45) days after the Court approves this Consent Decree, and Defendant shall mail the check to Yvonne Quaynor at an address provided by the Commission. Within ten (10) days after payment has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to Yvonne Quaynor. Defendant shall issue Ms. Quaynor an IRS Form 1099 reporting the settlement payment. Neither the Commission nor Defendant shall make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Yvonne Quaynor may or may not incur on such payments under local, state and/or federal law.

3. Within ten (10) days of the entry of this Decree by the Court, Defendant shall eliminate from the employment records of Yvonne Quaynor any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 846-2010-75993 and the related events that occurred thereafter. Additionally, within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for Yvonne Quaynor from "terminated" to "voluntarily resigned." Within fifteen (15) days of the entry of this Decree by the Court, Defendant shall report compliance with this provision to the Commission.

4. Defendant shall provide Yvonne Quaynor with a neutral letter of reference using the form attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Ms. Quaynor at an address provided by the Commission. Ms. Quaynor is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Ms. Quaynor from a potential employer, it will provide only the information set forth in the letter of reference in response.

5. Within ninety (90) days of the entry of this decree by the Court, Defendant will revise its written anti-discrimination policy to include the following: (a) an explanation of the requirements of the federal equal employment opportunity laws, including the ADA and its requirement that employers provide employees or applicants with a reasonable accommodation unless such accommodation would constitute an undue hardship; (b) a procedure for requesting a reasonable accommodation, including the identification of a person or persons to whom a request for a reasonable accommodation should be made, under the ADA; and (c) an explanation of the employer's obligation to engage in the interactive process when an employee requests a reasonable accommodation under the ADA. Defendant shall distribute to each current employee a copy of the policy within the aforementioned ninety (90) day time period. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

6. During the term of this Decree, Defendant shall post a copy of the policy described in paragraph 5, *supra*, in its facility in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant will replace it by posting another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant will post the

policy and notify the EEOC that it has been posted.

7. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors, employees, and anyone involved in the reasonable accommodation process. Each training program shall include an explanation of the requirements of the ADA and its prohibition against discrimination based on disability. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Decree, in a place where it is visible to employees at its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice.

9. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A. the identities of all applicants or employees who at any time during the reporting period requested an accommodation for a physical or mental impairment, including by way of identification each person's assigned employee number, date of accommodation request, accommodation requested, whether the request was granted, and what, if any,

4

     accommodation was provided to the individual;

  B. for each individual identified in 9.A. above who was not provided with an accommodation, provide a detailed explanation as to why the request was not granted and identify all individual(s) involved in the decision regarding the accommodation request;

  C. for each individual identified in 9.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) at any time since the individual's request for an accommodation; and

  D. for each individual whose employment status has changed as identified in 9.C. above, a detailed statement explaining why the individual's employment status has changed and the identity of all persons involved in the decision to change said employment status.

In the event the Commission needs additional information about how a Defendant responded to an accommodation request, within three (3) business days of a request by the Commission, Defendant shall provide the full name, social security number, last known address and telephone number, and job title or position sought for any individual identified pursuant to paragraph 9.A above.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

10. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

11. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional

<font>Case 1:12-cv-01370-NCT-LPA   Document 13   Filed 09/25/13   Page 5 of 9</font>

period as may be agreed upon by them, in which to engage in negotiation and conciliation regarding such allegations before the Commission exercises any remedy provided by law.

12. The term of this Decree shall be for two (2) years from its entry by the Court.

13. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent by email to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, N.C. 28202.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

This the 25th day of September, 2013.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISION, Plaintiff** | **CAMDEN PLACE HEALTH & REHAB, LLC, Defendant** |

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Phone: (704) 344-6878
lynette.barnes@eeoc.gov


/s/ Katherine A. Zimmerman
KATHERINE A. ZIMMERMAN
Trial Attorney
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601-1701
katherine.zimmerman@eeoc.gov
Phone: (919) 856-4148
Fax: (919) 856-4156
N.C. State Bar No. 36393
*Attorneys for Plaintiff*

/s/ Alexander L. Maultsby
Alexander L. Maultsby
SMITH MOORE LEATHERWOOD LLP
300 North Greene Street, Suite 1400
Greensboro, North Carolina 27401
alex.maultsby@smithmoorelaw.com
Telephone: (336) 378-5331
Fax: (336) 433-7460
N.C. State Bar No. 18317

*Attorneys for Defendant*

# EXHIBIT A

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

Ms. Quaynor was employed by Camden Place Health & Rehab, LLC, from September 21, 2009 to July 26, 2010. During her tenure with us, Ms. Quaynor held the position of Certified Nursing Assistant. Her ending rate of pay was $10.50 per hour.

Ms. Quaynor would be eligible for rehire.

We hope that this information about Ms. Quaynor is helpful to you in considering her for employment.

Sincerely,


[Typed name of company representative]
[position], Camden Place Health & Rehab, LLC



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

1. This Notice is posted pursuant to litigation between the U.S. Equal Employment Opportunity Commission and Camden Place Health & Rehab, LLC, in a case of discrimination based on disability. Specifically, the EEOC alleged that Camden Place Health & Rehab discriminated against a former employee when it refused to accommodate her disability and discharged her because of her disability in violation of the Americans with Disabilities Act, as amended (the "ADA").

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. The ADA specifically prohibits discrimination based on an individual's disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Camden Place Health & Rehab will comply with such federal law in all respects. Furthermore, Camden Place Health & Rehab will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2015.